FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER M. H.,[1]

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

NO:  1:23-CV-3023-RMP

ORDER GRANTING PLAINTIFF'S
BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS

BEFORE THE COURT, without oral argument, are briefs from Plaintiff

Christopher M. H.,[1] ECF No. 11, and Defendant the Commissioner of Social

Security (the "Commissioner"), ECF No. 13.  Plaintiff seeks judicial review,

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of his

claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act (the "Act").  *See* ECF No. 11 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first
name and middle and last initials.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 1

Having reviewed Plaintiff's Opening Brief, ECF No. 11; the Commissioner's Brief, ECF No. 13; Plaintiff's reply, ECF No. 14; the relevant law; and the administrative record; the Court is fully informed. For the reasons set forth below, the Court grants judgment for Plaintiff, reverses the Commissioner's final decision, and remands the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

### *General Context*

Plaintiff applied for DIB on approximately August 2, 2019, alleging an onset date of January 1, 2013. *See* Administrative Record ("AR")[2] 185. Plaintiff was 32 years old on the alleged disability onset date and asserted that he was unable to work due to depression, anxiety, posttraumatic stress disorder, sleep disorder, arthritis, chronic back pain, chronic knee pain, and wrist pain. AR 185. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 319. After the hearing, Plaintiff's application was denied, and Plaintiff requested a review of the decision and a new hearing through the Appeals Council, which was granted. *See* AR 249–54.

Administrative Law Judge ("ALJ") Jo Hoenninger held telephonic hearings on February 10, 2022; March 7, 2022; March 22, 2022; and April 5, 2022; from

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 2

Spokane, Washington.  AR 46–130.  Plaintiff was present for the hearings and was represented by non-attorney representative Justin Jerez.  *See* AR 46, 57, 98, 125. ALJ Hoenninger heard testimony from Plaintiff, vocational expert ("VE") Steven Floyd, and medical expert Nancy Tarrand.  AR 46, 57, 98.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Hoenninger found:

**Step one:** Plaintiff meets the insured status requirements of the Act through December 13, 2016.  AR 18.  Plaintiff engaged in substantial gainful activities from 2013 to 2014.  AR 18 (citing 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq*., 416.920(b), and 416.971 *et seq*.).  However, Plaintiff did not engage in substantial gainful activity after 2014.  AR 18.

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities—for the Title II claim: polycythemia, right knee patella femoral syndrome, and obesity; for the Title XVI claim: osteoarthrosis, obesity, mild lumbar and thoracic degenerative disc disease, polycythemia, major depressive disorder, generalized anxiety disorder, possible posttraumatic stress disorder, possible personality disorder or avoidant personality disorder, and substance abuse.  AR 18 (citing 20 C.F.R. § 404.1520(c), 416.920(c)).  The ALJ further noted that for the Title II period, prior to December 31, 2016, Plaintiff had the nonsevere medically determinable impairments of migraine, anxiety, and depression.  AR 18.  The ALJ noted that posttraumatic

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 3

stress disorder and personality disorder are not medically determinable impairments. AR 19.  The ALJ stated that she considered "all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."  AR 20.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in C.F.R. Part 404, Subpart P, Appendix 1.  AR 96 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). The ALJ memorialized that she considered whether Plaintiff's impairments satisfy listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equine), and 1.18 (abnormality of a major joint(s) in any extremity).  AR 20–21.  The ALJ further specified that she considered Plaintiff's obesity under SSR 19-2p and "factored it into the residual functional capacity."  AR 21.  The ALJ concluded that Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of the following listings: 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.08 (personality and impulse-control disorders), and 12.15 (trauma- and stressor-related disorders).  AR 21–22.  The ALJ further noted that she considered whether "paragraph C" criteria are satisfied and concluded that "the evidence fails to establish the presence of the 'paragraph C' criteria."  AR 25.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 4

**Residual Functional Capacity ("RFC"):** The ALJ found that, for the Title II period, the claimant has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that he could "frequently climb ramps, stairs, ladders, ropes, and scaffolds; and could frequently stoop, kneel, crouch, and crawl."  AR 25.  For the Title XVI time period, the claimant has the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), with the following exceptions:

> [Plaintiff] can occasionally climb ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, and crouch; can occasionally crawl; should have only occasional exposure to extreme heat, extreme cold, wetness, humidity, vibration, airborne irritants (such as fumes, odors, dusts, gases and poor ventilation), and to hazards (such as unprotected heights and exposed moving mechanical parts); has sufficient concentration, persistence, and pace to complete simple, routine and repetitive tasks for a normal workday and workweek on a consistent basis with no fast-paced production requirements and no commercial driving; should have no interactions with the general public; and should have only occasional interactions with coworkers and supervisors.

AR 25.

In determining Plaintiff's RFC, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 27.

**Step four:** The ALJ found that, for the Title II period, Plaintiff is capable of performing past relevant work as a tractor trailer truck driver and local delivery driver.  AR 36.  For the Title XVI period, the ALJ found that Plaintiff is unable to perform his past relevant work as a tractor trailer truck driver.  AR 36 (citing 20 C.F.R. §§ 404.1565, 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education; on the alleged disability onset date, Plaintiff's age category was a younger individual; and transferability of job skills is not material to the determination of disability because Plaintiff is "not disabled" under the Medical-Vocational Rules, whether or not Plaintiff has transferable job skills.  AR 37 (citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ found that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  AR 38.  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff could perform—for the Title II period: automobile detailer (medium, 33,000 jobs nationally); food service worker, hospital (medium, 42,000 jobs nationally); and hand packager (medium, 76,000 jobs nationally); and for the Title XVI period: marker (light, 33,000 jobs nationally); router (light, 131,000 jobs nationally); and assembler, small products (light, 17,000 jobs nationally).  AR 37–38.  The ALJ concluded that Plaintiff has not been under a disability from January 1, 2013, through the date of the ALJ's decision.  AR 38 (citing 20 C.F.R. § 404.1520(f), 416.920(f)).

1    Through counsel, Plaintiff sought in this Court review of the unfavorable

2  decision.  ECF No. 1.

3                            **LEGAL STANDARD**

4       ***Standard of Review***

5       Congress has provided a limited scope of judicial review of the

6  Commissioner's decision.  42 U.S.C. § 405(g).  A court may set aside the

7  Commissioner's denial of benefits only if the ALJ's determination was based on

8  legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

9  993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

10  determination that a claimant is not disabled will be upheld if the findings of fact are

11  supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

12  1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

13  scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

14  1119 n.10 (9th Cir. 1975); *McAllister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

15  1989).  Substantial evidence "means such evidence as a reasonable mind might

16  accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389,

17  401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

18  [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

19  *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

20  record, not just the evidence supporting the decisions of the Commissioner.

21  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 7

1    A decision supported by substantial evidence still will be set aside if the

2    proper legal standards were not applied in weighing the evidence and making a

3    decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

4    1988).  Thus, if there is substantial evidence to support the administrative findings,

5    or if there is conflicting evidence that will support a finding of either disability or

6    nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

7    812 F.2d 1226, 1229–30 (9th Cir. 1987).

8    ***Definition of Disability***

9    The Social Security Act defines "disability" as the "inability to engage in any

10    substantial gainful activity by reason of any medically determinable physical or

11    mental impairment which can be expected to result in death, or which has lasted or

12    can be expected to last for a continuous period of not less than 12 months."  42

13    U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

14    be under a disability only if the impairments are of such severity that the claimant is

15    not only unable to do their previous work, but cannot, considering the claimant's

16    age, education, and work experiences, engage in any other substantial gainful work

17    which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

18    definition of disability consists of both medical and vocational components.  *Edlund*

19    *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

20    / / /

21    / / /

***Sequential Evaluation Process***

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past. If the claimant can perform their previous work, the claimant is not disabled. 20

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 9

C.F.R. § 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC and age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously reject Plaintiff's subjective complaints?
2.    Did the ALJ erroneously evaluate the medical source opinions?

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 10

***Plaintiff's Subjective Complaints***

Plaintiff argues that the ALJ erred by failing to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony.  ECF No. 11 at 6. Plaintiff argues that the ALJ simply listed medical evidence without identifying the testimony she found not credible and without linking that testimony to the parts of the medical record that support the non-credibility determination.  ECF No. 11 at 6. Plaintiff continues that the ALJ impermissibly "cherry pick[ed]" from mixed evidence to support a denial of benefits.  ECF No. 11 at 8.

Plaintiff further argues that the ALJ pointed to Plaintiff's failure to take medications despite the advice of his providers but did not consider that Plaintiff's mental impairment is the reason for his noncompliance.  ECF No. 11 at 11. Additionally, Plaintiff argues that the ALJ improperly discounted Plaintiff's claim of chronic back pain because Plaintiff once denied a history of back pain, and his mother informed a medical provider that Plaintiff had been doing a lot of labor around the house.  ECF No. 11 at 12.  Plaintiff contends that the comment regarding doing labor around the house was "the reason for the acute exacerbation and not evidence of greater functional abilities."  ECF No. 11 at 12.

The Commissioner responds that the ALJ's reasoning was "sufficiently specific and substantial evidence supports it."  ECF No. 13 at 2.  The Commissioner notes that the ALJ found that Plaintiff "sought very little treatment for his allegedly disabling physical and mental impairments" and refused to take psychotropic

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 11

medication.  ECF No. 13 at 2–3.  Additionally, while Plaintiff claimed that his physical pain prevented him from working, he stated that he does not want to take any kind of pain pills and his pain was only 3 out of 10.  ECF No. 13 at 3.  The Commissioner further notes that Plaintiff stated multiple times to treatment providers that he was only receiving treatment as required for Social Security benefits.  ECF No. 13 at 3.  The Commissioner contends that Plaintiff's refusal of treatment is not due to his mental impairments, but due to his "defiance surrounding medical advice" and his "disdain for others, medications, and medical professionals."  ECF No. 13 at 3–4 (citing AR 1248).  The Commissioner notes that Plaintiff wanted to smoke marijuana instead, which was not recommended by medical providers.  ECF No. 13 at 4 (citing AR 1315).

Additionally, the Commissioner notes that the ALJ identified activities that were inconsistent with the limitations alleged by Plaintiff.  ECF No. 13 at 4.  The Commissioner argues that Plaintiff's mother stated Plaintiff was doing a lot of labor around the house at the same time that Plaintiff went to the hospital complaining of back pain.  ECF No. 13 at 4.  The Commissioner further notes that Plaintiff worked at substantial gainful activity levels in 2013 and 2014, during which time he claimed to be disabled, undermining his allegations of an inability to work.  ECF No. 13 at 4–5.

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. Thus, "the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." *Id.* at 1282.

Plaintiff alleged disability due to the following conditions, as summarized in the ALJ's decision:

> The claimant alleges inability to sustain fulltime work activity because of depression, anxiety, posttraumatic stress disorder, sleep disorder, arthritis, chronic back pain, chronic knee pain, and wrist pain. In his disability report, he reported a height of six feet and a weight of 325 pounds. (Exhibit B4E/2). . . . In his function report, the claimant indicated his conditions affect his ability to lift, squat, bend, stand, reach, walk, sit, kneel, remember, complete tasks, concentrate, understand, follow instructions, and get along with others. He explained that his conditions prevent him from doing anything for a long period of time before he has to change positions. . . . In his function report, the claimant indicated his conditions limit his ability

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 13

to work because his body hurts and he cannot think straight.  He stated
he becomes frustrated easily and is too depressed and anxious to get
up and do anything productive.  He stated he isolates and does not
want to be around people.  (Exhibit B1E/2).  When asked what he
could do before the onset of his conditions that he can no longer do,
the claimant stated he could think straight and remember without
difficulty.  He stated that on most nights, he is unable to sleep.
(Exhibit B1E/3).

AR 26.  The ALJ found "the claimant's medically determinable impairments

could reasonably be expected to cause the alleged symptoms; however, the

claimant's statements concerning the intensity, persistence and limiting

effects of these symptoms are not entirely consistent with the medical

evidence and other evidence in the record."  AR 27.

An ALJ may not discredit a claimant's pain testimony and deny

benefits solely because the degree of pain alleged is not supported by

objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991); *Fair

v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the medical

evidence is a relevant factor in determining the severity of a claimant's pain

and its disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §

404.1529(c)(2).  An ALJ may find that alleged symptoms are inconsistent

with the overall evidence of record "if the frequency or extent of the

treatment sought by an individual is not comparable with the degree of the

individual's subjective complaints, or if the individual fails to follow

1    prescribed treatment that might improve symptoms." Social Security Ruling

2    ("SSR") 16-3p at *8 (March 16, 2016), *available at* 2016 WL 1119029.

3    However, the ALJ must first consider possible reasons why the individual

4    may not comply with treatment or seek treatment consistent with the degree

5    of his complaint. SSR 16-3p at *8–*9.

6         Here, the ALJ found that treatment records from May 2019 indicated

7    that Plaintiff "was currently feeling mostly 'bored and grumpy.'" AR 31.

8    The ALJ further noted that Plaintiff was taking no psychotropic medication

9    and that Plaintiff stated that he does not want to take any pain medication or

10   any medication to treat mental health symptoms. AR 31. The ALJ cited

11   records where Plaintiff reported a pain level of 3 out of 10 and stated he

12   would consider pain medication if his pain were more severe, such as a 6 or

13   7 out of 10. AR 31 (citing AR 1116). The ALJ pointed to evidence that

14   Plaintiff has stated that medications have not worked, and Plaintiff prefers to

15   take marijuana, which he finds more effective. AR 31 (citing AR 1315).

16   The ALJ noted that Plaintiff reported current back pain but denied a history

17   of back pain, and on April 26, 2019, Plaintiff's mother informed Plaintiff's

18   provider that he had been doing a lot of labor around the house. AR 31

19   (citing AR 895–97). The ALJ noted that Plaintiff stated to Nurse Nelson

20   during a visit on December 16, 2021, that his physical health problems

21   would not interfere with his work like his mental problems do. AR 31

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 15

(citing AR 1315).  Additionally, the ALJ noted that Plaintiff's potential

diagnosis of antisocial personality disorder, which he argues is the cause for

his resistance to treatment, has been questioned by the Medical Expert, who

testified that Plaintiff does not have antisocial personality disorder.  AR 36.

The Court finds that these are clear, specific, and convincing reasons,

in the context of the full record, for not fully accepting Plaintiff's statements

concerning the intensity, persistence, and limiting effects of his claimed

symptoms and their effect on his ability to work.  The Court is bound to

uphold the ALJ's conclusion where, as here, "evidence is susceptible to

more than one rational interpretation." *Ford v. Saul*, 950 F.3d 1141, 1156

(9th Cir. 2020) (internal quotation omitted).  Accordingly, the Court does

not find error in the ALJ's treatment of Plaintiff's subjective symptoms

testimony.

### Medical Source Opinions

Plaintiff argues that the ALJ erred in assessing the medical opinions without

the support of substantial evidence.  ECF No. 11 at 14.  The Commissioner responds

that the ALJ's reasoning satisfies the substantial evidence requirement.  ECF No. 13

at 5.

The regulations that took effect on March 27, 2017, provide a new framework

for the ALJ's consideration of medical opinion evidence and require the ALJ to

articulate how persuasive she finds all medical opinions in the record, without any

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 16

1    hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

2    Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

3    2017).  Instead, for each source of a medical opinion, the ALJ must consider several

4    factors, including supportability, consistency, the source's relationship with the

5    claimant, any specialization of the source, and other factors such as the source's

6    familiarity with other evidence in the claim or an understanding of Social Security's

7    disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

8         Supportability and consistency are the "most important" factors, and the ALJ

9    must articulate how she considered those factors in determining the persuasiveness

10   of each medical opinion or prior administrative medical finding.  20 C.F.R. §

11   404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

12   opinion is more persuasive in relation to how "relevant the objective medical

13   evidence and supporting explanations presented" and how "consistent" with

14   evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

15   The ALJ may explain how she considered the other factors, but is not required to do

16   so, except in cases where two or more opinions are equally well-supported and

17   consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

18   continue to consider whether the ALJ's finding is supported by substantial evidence.

19   *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

20   any fact, if supported by substantial evidence, shall be conclusive . . . .").

21

1    Prior to revision of the regulations, the Ninth Circuit required an ALJ to

2  provide clear and convincing reasons to reject an uncontradicted treating or

3  examining physician's opinion and provide specific and legitimate reasons where the

4  record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

5  (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

6  regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

7  Circuit] caselaw according special deference to the opinions of treating and

8  examining physicians on account of their relationship with the claimant."  *Woods v.*

9  *Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

10  2022).  The Ninth Circuit continued that the "requirement that ALJs provide

11  'specific and legitimate reasons' for rejecting a treating or examining doctor's

12  opinion, which stems from the special weight given to such opinions, is likewise

13  incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).

14  Recently, the Ninth Circuit further has held that the updated regulations comply with

15  both the Social Security Act and the Administrative Procedure Act, despite not

16  requiring the ALJ to articulate how he or she accounts for the "examining

17  relationship" or "specialization factors."  *Cross v. O'Malley*, No. 23-35096, 2024

18  U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

19    Accordingly, as Plaintiff's claim was filed after the new regulations took

20  effect, the Court refers to the standard and considerations set forth by the revised

21  rules for evaluation medical evidence.  *See* AR 185.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 18

1    **Rebecca Nelson, ARNP**

2        Plaintiff states that Nurse Nelson opined that Plaintiff "had a marked

3    limitation in his ability to perform basic work activities due to depression and a

4    moderate limitation due to chronic daily headache and chronic pain."  ECF No. 11 at

5    14 (citing AR 908).  Plaintiff argues that the ALJ improperly found this opinion

6    unpersuasive because Nurse Nelson's "physical findings were within normal limits

7    and 'do not support her findings,'" but the ALJ failed to address that Nurse Nelson

8    opined that Plaintiff's most severe problem was his mental health.  ECF No. 11 at 14

9    (citing AR 34).

10        The Commissioner responds that the ALJ found that Nurse Nelson's opinion

11    was not consistent with the record, because the record showed that Plaintiff was not

12    seeking much, if any, treatment for his allegedly disabling conditions.  ECF No. 13

13    at 5–6.  Additionally, the Commissioner notes that the ALJ found that Nurse

14    Nelson's own examinations did not support her opinion, because she did not provide

15    any information to support her findings.  ECF No. 13 at 6.  Rather, her physical

16    examination showed no abnormalities at all.  ECF No. 13 at 6.  Therefore, the

17    Commissioner contends that the ALJ reasonably concluded that Nurse Nelson's

18    opinion was unsupported.  ECF No. 13 at 6.

19        The ALJ found that Nurse Nelson's opinion was "not generally persuasive

20    because it is not consistent with the medical evidence of record."  AR 33.  The ALJ

21    noted that Nurse Nelson observed that Plaintiff was alert, had no back tenderness,

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 19

had no cognitive abnormalities, and gait was normal.  AR 33–34.  The ALJ concluded that these findings did not support Nurse Nelson's opinion that Plaintiff's conditions of chronic daily headaches and chronic pain "significantly interfere" and his condition of depression "very significantly interferes" with his vocational abilities.  AR 33–34.

The ALJ does not explain how Nurse Nelson's physical examination findings are inconsistent with her conclusions regarding Plaintiff's chronic daily headaches and chronic pain.  Additionally, the ALJ failed to consider Nurse Nelson's support for her findings regarding Plaintiff's mental health.  Included in Ms. Nelson's report is a Depression Screening that Plaintiff filled out on the date of his visit in which he indicates that, over the prior two weeks, he had experienced "feeling down, depressed or hopeless" nearly every day, and he had "thoughts that [he] would be better off dead or of hurting [him]self in some way" more than half the days.  AR 910.  Nurse Nelson indicated that Plaintiff endorsed chronic fatigue, complains of chronic depression, and endorses some suicidal ideation and anxiety.  AR 911.

It appears that the ALJ did not consider the mental health evidence of Plaintiff's visit with Nurse Nelson in finding her opinion not persuasive.  Based on the ALJ's conclusory reasoning, which appears inconsistent with Plaintiff's self-reports and Nurse Nelson's medical opinion, the Court finds that the ALJ did not fulfill her obligation to consider the supportability and consistency of the medical opinion and, therefore, erred.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 20

**David Morgan, Ph.D.**

Plaintiff states that Dr. Morgan opined that Plaintiff had a marked limitation in the following abilities:

> (a) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (b) perform routine tasks without special supervision; (c) adapt to changes in a routine work setting; (d) be aware of normal hazards and take appropriate precautions; (e) ask simple questions or request assistance; (f) communicate and perform effectively in a work setting; (g) complete a normal work day and work week without interruptions from psychologically based symptoms; and (f) set realistic goals and plan independently.

ECF No. 11 at 16 (citing AR 1308). Plaintiff contends that the ALJ impermissibly found that Dr. Morgan's opinion was not persuasive because the ALJ, based on her own lay opinion, felt that Dr. Morgan's opinion was not consistent with his evaluation and that Dr. Morgan did not reconcile his opinion with the findings in the record. ECF No. 11 at 16 (citing AR 34).

The Commissioner responds that the ALJ found that Dr. Morgan's assessment was inconsistent with the medical evidence of record, because Plaintiff's lack of treatment suggests that his impairments are not as limiting as Dr. Morgan believed. ECF No. 13 at 7. Additionally, the Commissioner contends that Dr. Morgan's own examination did not support his opinion, because he found that Plaintiff presented largely within normal limits, with only minor abnormalities in mood, memory, and concentration. ECF No. 13 at 7.

1        The ALJ found that Dr. Morgan's opinion was "not generally persuasive

2  because it is not consistent with medical evidence of record," and because he did not

3  reconcile his findings with his opinion.  AR 34.  The ALJ stated that Dr. Morgan

4  opined that Plaintiff "has none/mild to severe limitation in the ability to perform

5  various work activities, but that the overall severity of claimant mental health

6  conditions is marked."  AR 34.  However, the ALJ opined that Dr. Morgan noted

7  that practically all markers were "normal" or "within normal limits," and he did not

8  reconcile these findings with his opinion of Plaintiff's impairments.  AR 34.

9        Even under the revised framework for evaluating medical source opinions, *see*

10  42 U.S.C. § 405(g), the ALJ's assessment of the relevant medical opinions must be

11  supported by substantial evidence, and the ALJ's determination that Dr. Morgan's

12  opinion was not persuasive does not meet that requirement.  The ALJ does not cite

13  to records she believes are inconsistent with Dr. Morgan's opinion.  Moreover,

14  although the ALJ found that Dr. Morgan did not reconcile his findings with his

15  opinion, the ALJ fails to acknowledge that Dr. Morgan noted significant self-reports

16  of mental health impairments, such as "nightmares and flashbacks about the trauma

17  he has experienced," "suicidal thoughts," and feeling "hopeless about his situation."

18  AR 796, 1306.  Based on the ALJ's conclusory reasoning, which appears

19  inconsistent with Plaintiff's self-reports and Dr. Morgan's medical opinion, the

20  Court finds that the ALJ did not fulfill his obligation to consider the supportability

21  and consistency of the medical opinion and, therefore, erred.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 22

**Christopher Waters, Ph.D.**

Plaintiff argues the ALJ impermissibly found Dr. Waters's opinion that Plaintiff would have difficulty working not persuasive simply because Plaintiff expressed a desire for Social Security benefits.  ECF No. 11 at 17.  Plaintiff also argues that the ALJ's finding that Dr. Waters's opinion was conclusory and did not provide the necessary function by function analysis is "squarely contradicted by the record."  ECF No. 11 at 17–18.  Plaintiff contends that the ALJ's finding that Dr. Waters's statement that Plaintiff would be unable to engage in any competitive employment, which the ALJ found to be an issue reserved for the Commissioner, is merely an identification of the limitations that Plaintiff would have in the workplace and does not intrude on the purview of the Commissioner.  ECF No. 11 at 19.

The Commissioner responds that Dr. Waters's opinion was "not consistent with the other evidence in the record showing that Plaintiff had no interest in treatment for his allegedly disabling impairments."  ECF No. 13 at 8.  Dr. Waters stated that Plaintiff was not interested in making goals or doing interventions; rather, his main goal was to secure social security benefits.  ECF No. 13 at 8.  The Commissioner contends that the ALJ properly determined that Plaintiff was less limited than he claimed, "not because he was interested in securing disability benefits, but because that was his only goal in obtaining what little treatment he sought."  ECF No. 13 at 8.  Additionally, the Commissioner notes that Dr. Waters

provided no explanation for his conclusion that Plaintiff would have significant difficulty in working.  ECF No. 13 at 8.

The ALJ found that Dr. Waters's opinion was "not generally persuasive because it is not entirely supported by nor fully consistent with objective evidence." AR 35.  The ALJ pointed to the objective evidence that Plaintiff had no goals for therapy, which the ALJ found inconsistent with Dr. Waters's opinion that Plaintiff would have significant difficulty working.  AR 35.  The ALJ further concluded that Dr. Waters's opinion was conclusory and did not provide the necessary function-by-function analysis.  AR 35.

The Court finds that Plaintiff's lack of goals for therapy is not inconsistent with the opinion that Plaintiff would have difficulty working and, therefore, it does not meet the substantial evidence requirement.  Based on the ALJ's conclusory reasoning, which appears inconsistent with Dr. Waters's medical opinion, the Court finds that the ALJ did not fulfill his obligation to consider the supportability and consistency of the medical opinion and, therefore, erred.

**Luci Carstens, Ph.D., P.S.**

Plaintiff argues that Dr. Carstens reviewed medical reports and evaluations from Dr. Morgan and Dr. Teal, but the ALJ failed to consider Dr. Carstens's opinion that Plaintiff would be impaired for 24 months.  ECF No. 11 at 20.  The Commissioner responds that Dr. Carstens did not provide a medical opinion, and,

1    therefore, the ALJ was not required to assess the persuasiveness of the form Dr.

2    Carstens filled out.  ECF No. 13 at 9–10.

3         Under 20 C.F.R. § 404.1520c(b), an ALJ must "evaluate every medical

4    opinion" that they receive.  A medical opinion is "a statement from a medical source

5    about what [Plaintiff] can still do despite [Plaintiff's] impairment(s) and whether

6    [Plaintiff has] one or more impairment-related limitations or restrictions . . ."  20

7    C.F.R. § 404.1513(a)(2).

8         Dr. Carstens was contracted to review the opinions of Dr. Morgan and Dr.

9    Teal.  *See* AR 992.  On May 17, 2019, Dr. Carstens opined that the diagnoses of

10   major depressive disorder, posttraumatic stress disorder, social anxiety, and avoidant

11   personality disorder are "consistent with available clinical evidence" and that the

12   severity ratings in the referral "are consistent with available clinical

13   observations/findings regarding the client's mental health issues and their impact on

14   the client's functioning status."  AR 992.  Additionally, Dr. Carstens opined that the

15   disability duration had been noted as 12 months, but "based on available clinical

16   documentation regarding the severity of client's mental health impairment a longer

17   duration of at least 24 months should be considered."  AR 992.

18        Dr. Carstens's opinion was a medical opinion in which she opined on the

19   validity of Plaintiff's diagnoses, the associated functional limitations, and expected

20   duration of his impairment.  AR 99.  Therefore, the ALJ was required to evaluate the

21   opinion.  20 C.F.R. § 404.1520c(b).  Additionally, Dr. Carstens's opinion considered

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 25

medical reports from Dr. Morgan, whose opinion the ALJ improperly found

unpersuasive.  Consideration of Dr. Carstens's review of the diagnoses, limitations,

and expected duration of the impairment as articulated by Drs. Morgan and Teal

may have influenced how the ALJ interpreted the medical opinions of Drs. Morgan

and Teal.  Accordingly, the ALJ erred in failing to consider and evaluate this

opinion.

### RFC Formulation

As the Court has found harmful error in the ALJ's evaluation of medical

source opinions, the formulation of the RFC necessarily is affected.  Had the ALJ

credited some of the discounted opinions and considered the medical opinion of

Dr. Carstens, additional limitations may have been included in Plaintiff's RFC.

Accordingly, the Court need not conduct a separate analysis with respect to error in

the RFC formulation.

### Remedy

The Ninth Circuit Court of Appeals has held that "[a] district court may

reverse the decision of the Commissioner of Social Security, with or without

remanding the cause for a rehearing, but the proper course, except in rare

circumstances, is to remand to the agency for additional investigation or

explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quotations

omitted).  A court should take the exceptional step of remanding for an immediate

award of benefits only where:

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 26

(1) The ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted).

By contrast, remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Even if these requirements are met, the court retains "flexibility" to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

The Court does not find that the record as a whole compels a finding that Plaintiff is disabled or that the credit-as-true factors have been satisfied. Further administrative proceedings would be able to further develop the record with respect to how the medical opinion evidence should be evaluated. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (holding that errors concerning the evaluation of testimony are appropriate for remand).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 11**, is **GRANTED**.

2. Defendant the Commissioner's Brief, **ECF No. 13**, is **DENIED**.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 27

3.      The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

4.      Judgment shall be entered for Plaintiff.

5.      The District Court Clerk shall amend the docket in this matter to substitute Martin O'Malley as the Commissioner of the Social Security Administration.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** March 25, 2024.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 28